T. B. WALKER, Public Guardian, v. A. J. COLLINS, et al.

Western Section. March 2, 1928.

Petition for Certiorari denied by Supreme Court, May 26, 1928.

334

G. L. Fryer, of Paris, for appellant.
F. E. Bryant and P. H. Hudson, of Paris, for appellee.

HEISKELL, J.  This is a suit by T. B. Walker, Public Guardian, seeking to assert a constructive or resulting trust on eighty-eight acres of land purchased by A. J. Collins at a sale by the Clerk and Master, of Henry county.

The bill was filed May 12, 1921, alleging that A. J. Collins had borrowed from complainant as guardian $1025 executing a note for $1107, interest being included in the face of the note, due twelve months after date.  That said A. J. Collins and wife executed a mortgage on a certain 100 acres to secure said loan.  That A. J. Collins represented to him that said land was worth $3000 and was unincumbered and that he wanted the money borrowed from complainant for the purpose of improving said property, when, in fact, he wanted it to make the cash payment on the eighty-eight acres just purchased at chancery sale, and that the money was so paid to the Clerk and Master who executed a deed for said land to defendant A. J. Collins for $3000, taking two notes for $1000 each due at one and two years.

The bill alleged that this was a fraud; that said 100-acre tract was incumbered by a mortgage to secure Rainey in the sum of $550.  That said 100 acres is not of sufficient value to pay the amount which as guardian complainant loaned to A. J. Collins.  That said Collins had paid nothing whatever in improving said 100 acres; wherefore, complainant seeks to have the said 100-acre tract sold under the Rainey mortgage and complainant's mortgage, and that complainant be granted an attachment to be levied on said eighty-eight acres purchased at sale by the Clerk and Master of Henry county and that complainant be decreed entitled to have the balance of his debt satisfied out of said eighty-eight-acre tract, on the ground that the money bor-

rowed from complainant was used to make the cash payment on said eighty-eight acres instead of the improvement of the 100 acres.

The defendant, A. J. Collins, answering admitted the previous mortgage to Rainey on the 100-acre tract, but stated that he advised Walker of its existence before borrowing the money from him and the execution of the note by himself and wife and the trust securing same, and that he denied misrepresenting the value of the land, or making any statement or promise to Walker as to the use to be made of the money, or any other fraudulent action on his part and further that the Rainey deed of trust was recorded.

Walker and Collins are the only witnesses. The complainant Walker testifies, according to the allegations of the bill, the defendant according to the answer.

The 100-acre tract was sold by the Clerk and Master and brought no more than enough to pay the Rainey debt.

On September 22, 1924, the death of T. B. Walker was suggested and the cause revived in the name of Mrs. L. F. Walker individually and as executrix of T. B. Walker, and on the same day an amended and supplemental bill was filed by Mrs. Walker. This bill states that the land mortgaged to said T. B. Walker failed to bring the first mortgage debt; that after the death of said Walker she had been engaged in administering the private and guardian affairs of said Walker, public guardian; that the defendant, R. O. Collins, claimed to be the owner of two purchase money notes executed by A. J. Collins to Jno. R. Rison, Clerk and Master, for the eighty-eight-acre tract of land purchased by said A. J. Collins at said chancery sale, by transfer to one Crutchfield, then to said R. O. Collins by the said Crutchfield; that the Clerk and Master had no right to make such transfer; that the notes were nonnegotiable; that said R. O. Collins was claiming a lien on said land by reason of the premises and that both debt and lien were extinguished.

It was further recited that December 1, 1923, A. J. Collins conveyed said eighty-eight acres to J. F. Aden, trustee, "for the purpose of making a more expedient mode of enforcement of the lien alleged to be held on said land by defendant, R. O. Collins," and with the further recital that it was not intended to release the lien already held by said R. O. Collins as holder of said purchase money notes.

The bill prayed that complainant be decreed to hold a first lien upon said eighty-eight-acre tract, but that if said R. O. Collins be held to possess a prior lien, that the land be sold and the surplus applied to complainant's debt.

Defendants A. J. and R. O. Collins demurred to the bill, alleging (1) that there was no privity of estate between said Mrs. L. F. Walker individually or as executrix of T. B. Walker (deceased),

public guardian and that no right of action inured to her against them; that if any right of action existed, it would inure to the successor of said T. B. Walker, as public guardian; (2) want of equity; (3) to that part seeking sale of the eighty-eight acres because no provision is made in bill for the payment of the two purchase money notes and because if said transfer was void, the title thereto would remain in the Clerk and Master, and because, if complainant's contention be true, Mrs. Ellen Paschald and other parties interested, together with John R. Rison, Clerk and Master, would be necessary parties.

The demurrer was overruled with leave to rely upon same in the answer of defendants.

R. O. Collins, appellant herein, answering relied upon said demurrer, and while not advised as to Mrs. Walker's status as such executrix, averred that no settlement had been made by her as such, and that she had resided in the State of Florida for three years past; further, that he was not advised as to what transpired between A. J. Collins and the deceased, T. B. Walker, respecting the alleged loan of $1107, but denied any right of action existing against him by reason of the circumstances.

He admitted that said A. J. Collins purchased the eighty-eight-acre tract of land at said chancery sale, paying $1000 cash and executing two notes of like amount with interest and due one and two years from date, respectively, payable to Jno. R. Rison, Clerk and Master, with G. W. Brown and R. B. Lampkins as sureties, and that said Rison officially executed deed to said A. J. Collins for said land, retaining lien on same securing said notes; that said Rison transferred the first due note to Mrs. C. W. Crutchfield, for value, and that thereafter they transferred same to said R. O. Collins, for value; that said Rison also transferred the second due note to G. W. Brown, one of the sureties thereon, who later transferred same to said R. O. Collins, each for value and that he now owned said notes.

That by virtue of said transfers and his ownership of said notes he was subrogated to the rights of said John R. Rison, Clerk and Master, to the amount due thereon and also to the lien retained on the land securing same and that whatever rights and claims complainant might have same could not prevail against his prior equitable right of subrogation. He also admitted holding the deed of trust making more expedient his mode of enforcing said lien executed by said A. J. Collins, but which expressly retained the existing lien held by him as owner of said notes.

A. J. Collins adopts above answer and relies on former answer.

The case came on to be heard and a final decree was entered October 8, 1927, for complainant on the note sued upon in the original bill against A. J. Collins and wife, G. L. Collins, sustaining the

attachment against the eighty-eight-acre tract; finding that the two notes were transferred as above set forth, but that the Clerk and Master was without authority to transfer the same and the transfer did not carry the lien retained in the clerk's deed, and that same was thereby extinguished; that the deed of trust to J. F. Aden by A. J. Collins was subsequent to the levy of the attachment and inferior to the levy of the attachment.

It was further ordered that unless said decree was paid by the defendants, A. J. Collins and wife, G. L. Collins, that said eighty-eight-acre tract of land be sold to satisfy complainant's said debt.

At the time the attachment was levied the first purchase money note had been paid and the levy was made subject to the lien retained on said land in favor of the Clerk and Master of the chancery court of Henry county, to secure the payment of the note for $1000 remaining unpaid. When the decree was rendered this second note had been paid to the Clerk and Master and the court held that the lien retained was thereby extinguished and did not pass to R. C. Collins by transfer of the note; so the decree treats the levy of the attachment as taking effect without regard to the lien in favor of the Clerk and Master, the same having been satisfied and removed. The decree also renews the action of the court in overruling the demurrer.

A. J. Collins and wife did not appeal from the decree. The only appeal is by R. O. Collins. His assignments of error cover six pages. Without setting them out in full, we will discuss the questions raised.

It is contended that the court should have sustained the first ground of demurrer because no privity of contract exists between Mrs. L. F. Walker, either individually or as executrix of the estate of T. B. Walker, and T. B. Walker, public guardian. That the legal title is in the ward and not in the guardian, and citing authority for this proposition. For appellee the case of Chitwood v. Cromwell, 12 Heisk., 658, is cited, and we think the case is conclusive of the question. In that case W. W. Sharpe was guardian of R. S. Sharpe. W. W. Sharpe died and the note passed into the possession of John Chitwood, executor of W. W. Sharpe, and it was held that the right of action passed to the executor of guardian.

True Sharpe was not a public guardian, and counsel for appellant insist that this makes a difference. But the Code provides in regard to public administrators and guardians:

"Said administrators and guardians shall in all things, be governed by, and be subject to, all laws, rules, duties and penalties prescribed by law for the government of other administrators and guardians, and the management and settlement of estates."

We think there is no distinction to be taken in this regard between a public and private guardian.

The cases cited for appellant do not meet this case of Chitwood v. Cromwell, 12 Heisk., 658, and while the case does not seem to have ever been cited and therefore is not supported by approval, and while counsel, for reasons given in argument, seems confident the Supreme Court will overrule the case, yet, until this is done, we are bound by it and upon the authority of it must overrule this contention.

The second assignment is that the court should have sustained the second ground of demurrer that there is no equity upon the face of the bill. The court was not bound to notice this ground of demurrer and error cannot be predicated upon it.

Third that the court erred in overruling the fourth ground of demurrer, that if complainant's contention be true then the parties to the chancery suit in which the eighty-eight acres was purchased and John R. Rison, the Clerk and Master, were necessary parties. We do not see any force in this contention; the payment of the notes to the Clerk and Master ended the matter so far as he and the parties to the suit were concerned. He had no right to do anything with the notes, except to cancel them. His transfer without recourse amounted to no more than if he had stamped them "paid" on the notes and delivered them to the parties who paid, as evidence of payment. There was no need for other parties.

The fourth assignment goes to the question that it was error to sustain the attachment in favor of complainant as to said eighty-eight acres because no case of resulting or constructive trust is made out. As to the facts. It is said they must be clearly proved. The facts rest between T. B. Walker and A. J. Collins and certain circumstances. The court accepted the testimony of Walker and rejected that of Collins where it conflicted with Walker. This made clear proof. We think the court was justified in this. Collins says he told Walker about the prior mortgage, but he executed a mortgage to Walker, reciting that the property was unincumbered. His purpose was to get this money from Walker to make the cash payment on the eighty-eight acres and he had reason to believe Walker would not lend the money to pay one-third on land for which the Clerk and Master held two notes of $1000 each, with lien retained. Walker was an old man, over eighty, was sick and not able to get about. He says he would not have loaned the money on the 100 acres if he had not been misled by A. J. Collins as to the value and the prior mortgage and the intention to improve. We think the Chancellor was warranted in accepting the testimony of Walker as true and in finding that the money was obtained by fraud.

It is not denied that A. J. Collins took the $1000 obtained from Walker and immediately paid it to the Clerk and Master as the cash payment on the eighty-eight acres.

Under this state of facts, the question presented is whether or not the complainant is entitled to set up a resulting or constructive trust. Counsel for appellee refers the court to no case in point. Counsel for appellant cites several cases to support the contention that no case is here made out authorizing the court to subject this property.

We think the cases cited can be distinguished from this case. Durant v. Davis, 10 Heisk., 522, was where a married woman borrowed money to buy land, taking deed to her sole and separate use, and promised to execute a mortgage to secure the loan and then refused. The court said the promise to mortgage was within the statute of frauds and although the failure to comply is a fraud, it is one against which the courts cannot relieve and no resulting trust arises. Notice, in this case, there was no fraud in obtaining and using the money. The money was loaned for the purpose for which it was used. It was loaned on the note of the married woman and the only fraud was in her refusal to carry out a promise void under the statute of frauds.

Smith v. Neilson, 13 Lea, 461, merely holds that the use of borrowed money for the purpose of paying off a lien on land will not, without more, give the lender a right to be subrogated to the lien, nor create in his favor a resulting trust.

Sullivan v. Sullivan, 86 Tenn., 376, is not applicable further than the ruling that facts to establish a resulting trust must be proved with great clearness and certainty. The trust was sustained in that case without direct proof, but the facts are different from the present case and throw no light upon it.

It seems to us that where the fraud is in obtaining the money and then the money is invested in land, that the right of the lender should attach on the ground that the fraud vitiated the loan. If one sends money by a messenger to be deposited in bank and the messenger invests the money in property, it would scarcely be contended that the owner of the money could not reach the property. So where the money is obtained by fraud and invested in land and the owner of the money has no remedy except against the land, in the view of a court of equity this should fall within the class of cases to which the doctrine of resulting trust is admittedly applicable. "Where the property is purchased and the title taken in the name of one person, but the purchase price is paid by another." Gibson, sec. 930.

Under this assignment the contention is set up that there is no proof that complainant, Mrs. L. F. Walker, qualified as executrix of T. B. Walker. It is too late to raise this question. It should have been raised when the amendment and supplemental bill was filed, even if the consent to the reviver in her name as executrix did not bind the defendant.

The fifth assignment is that the court should have held that the trust deed from A. J. Collins and wife to J. F. Aden, trustee, took precedence of the levy of attachment, at least as to the second note in the hands of the Clerk and Master at the time of the levy. While the levy in May, 1921, was made subject to the lien in favor of the Clerk and Master, then existing, when that lien was extinguished nothing remanded to take precedence of the attachment.

The sixth assignment is that the court should have held that R. O. Collins was subrogated to the rights of the Clerk and Master as to the lien retained to secure payment of the purchase money notes. We have answered this already and held that the Chancellor was right in finding and decreeing that the Clerk and Master had no right to transfer said notes and that the payment extinguished the lien retained.

It follows that all assignments of error are overruled and the decree of the Chancellor is affirmed. The appellant R. O. Collins and his surety on the appeal bond will pay the costs of the appeal. The case is remanded for the purpose of carrying out the decree.

Owen and Senter, JJ., concur.